**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROSANNA GARNER, individually and on behalf of all others similarly situated,

    Plaintiff,

CASE NO:

v.

IQVIA, INC.                                   **JURY DEMAND**.

    Defendant.

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Unwanted "robocalls" are the #1 complaint in America.[1]

2. The people complaining about robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and the Federal Communications Commission (FCC), in 2016 this number was 3,401,614 and in 2017 it was 4,501,967.

3. Despite the plethora of complaints and lawsuits companies like the defendant continue to blast out faxes with no regard to federal law.

4. Plaintiff Rosanna Garner ("Garner") brings this action to secure redress for the actions of defendant IQVIA, Inc. in sending out unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### PARTIES

5. Plaintiff is a resident of Tampa, Florida and maintains telephone facsimile equipment.

---

[1] Facsimiles, texts and calls made by an automatic telephone dialing system are considered robocalls.

6. Defendant IQVIA, Inc. is a foreign profit corporation located in New Jersey and doing business in Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question) and 47 U.S.C. §227(a) (TCPA).

8. This matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $500.00 and up to $1,500 in statutory damages for each facsimile that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9. Plaintiff received the facsimiles at issue in this District and defendant conducts business in the District such that venue is proper.

## ALLEGATIONS OF FACT

10. Plaintiff brings this class action on behalf of nationwide consumers seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11. The Congress enacted the TCPA to prevent real harm. Congress determined that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses. Specifically, Congress found that "this type of telemarketing is problematic for two reasons. First, it shifts some of the costs of advertising from the sender to the recipient. Second, it occupies the

recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." H.R. Rep. 102-317 at 10 (1991)

12. Upon information and belief, the Defendant have recently sent out thousands of unsolicited fax advertisement and thousands of solicited fax advertisements.

13. Plaintiff is seeking damages, and declaratory and injunctive relief.

## FACTS RELATING TO DEFENDANT

14. On a date within the past proceeding four years, IQVIA, Inc. caused unsolicited fax advertisements to be transmitted to plaintiff's facsimile machine located in Tampa, Florida. This advertisement promoted its services and was sent without plaintiff's knowledge, approval or authorization.

15. Copies of the fax advertisement are attached hereto as Exhibit A and are incorporated herein by reference.

16. Plaintiff did not give defendant any prior express invitation or permission to send advertisements to it within 18 months of receipt of the fax.

17. Plaintiff did not have a prior business relationship with defendant and had not authorized the sending of fax advertisements to it within 18 months of receipt of the faxes.

18. On information and belief, many of the individuals and entities who received faxes from the defendant did not give prior express invitation or permission.

## CLASS ALLEGATIONS

19. Plaintiff brings this action individually and on behalf of and all others similarly situated ("the Class").

20. Plaintiff represents, and is a member of, the Classes, consisting of:

    a. Class A:   All persons in the United States who received any fax advertisement on their telephone facsimile machines from Defendant or its agents(s) and/or employee(s) within the four years prior to the filing of the Complaint, where Defendant's records do not reflect that such fax advertisement was solicited.

    b. Class B:   All persons in the United States who received any fax advertisement on their telephone facsimile machines from Defendant or its agent(s) and/or employee(s) within the four years prior to the filing of the Complaint where Defendant's records do not reflect that such fax advertisement was solicited.

    c. Class C:   All persons in the United States (1) who are members of IQVIA, INC., (2) who received a fax advertisement on their telephone facsimile machines from Defendant or its agents(s) and/or employee(s) within the four years prior to the filing of the Complaint, (3) where Defendant's records do not reflect that such fax advertisement was solicited.

21. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek

recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

  a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any fax advertisements to a Class member;

  b. Whether, the fax advertisements sent by the Defendant within the four years prior to the filing of this Complaint to a Class member were solicited;

  c. Whether the Defendant obtained a list of IQVIA members, and then transmitted fax advertisements to those members, which were not otherwise solicited.

  d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

25. As a recipient of unsolicited fax advertisements from Defendant and of fax advertisements which failed to properly advise of Plaintiff's ability to opt-out, Plaintiff is asserting

claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

26. Defendant's acts caused the Plaintiff and the Class members the very harm that the TCPA was enacted to prevent, by occupying the recipient's telephone line and fax machine during the time that the fax was being sent and stored, wasting the paper and ink caused by the printing of the offending fax, wasting the time of the recipients in reading, deleting and otherwise administering these unwanted faxes, and by failing to provide the recipient with the information required by the statute.

27. Plaintiff and members of the Classes were also harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by sending unsolicited fax advertisements that converted their paper and toner as well as occupied their facsimile machines; Plaintiffs and the Class members were damaged thereby.

28. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and

state laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

32. Numerous courts have certified class actions under the TCPA. *Hinman v. M and M Rental Center* Inc., 545 F. Supp. 2d 802 (N.D. Ill. 2008); *Brill v. Countrywide Home Loans, Inc.,* 05 C 2713 (N.D. Ill. June 28, 2006); *Overlord v. Wheaton-Winfield dental Association Ltd.*, 04 CH 01613, (Ill. Cir. Cook County); *Whiting v SunGard*, 03 CH 21135,(Ill. Cir. Cook County); *Whiting v. GoIndustry*,03 CH 21136 (Ill. Cir. Cook County); *Nicholson v. Hooters of Augusta, Inc*., 245 Ga. App. 363, 537 S.E.2d 468 (2000) (private class action); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same);   *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind. App. 2003) (same);   *Dubsky v. Advanced Cellular Communications, Inc.*, 2003 CV 652, 2004 WL 503757 (Ohio C.P. Feb. 24, 2004); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); *Biggerstaff v. Marriott International, Inc*., 99-CP-10-001366 (S.C. C.P., Feb 20, 2000) (same); *Chaudhry v. Bonneville International Corp., d/b/a KDGE/KZPS* (Dist. Ct. Tex., March 10, 1997)(same); *Coontz v. Nextel Communications*, No. C- 200100349 (Dist. Ct. Tex.)(same); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); *Jemiola v. XYZ Corp*., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same);   *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *WPS, Inc. v. Lobel*

*Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action) *Gans v. Seventeen Motors, Inc.*, No. 01-L-478 (Ill. Cir., St. Clair County, Sept. 19, 2002).

33. A class action is an appropriate means of adjudicating this dispute, in that:

   a. Most consumers or entities are probably unaware of the violation.

   b. Individual actions are not economically feasible.

   c. Judicial economy is best served by a class action.

**WHEREFORE,** plaintiff and members of the class, respectfully request the following relief:

   a. Actual damages;

   b. Statutory damages;

   c. An injunction against the further transmission of unsolicited fax advertising;

   d. Such other or further relief as the Court deems just and proper.

## COUNT I  -- VIOLATION OF THE TCPA

34. Plaintiff incorporates paragraphs 1-33, as if fully restated above.

35. Upon receiving the Defendant's fax, the Plaintiff's fax machine was occupied during the time that the incoming fax was being processed.

36. There are no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

37. Furthermore, the defendant failed to provide the facsimile transmittal header with the information as required by the TCPA.

38. Further, upon receiving the Defendant's fax, the Plaintiff's fax machine automatically printed out the fax, thereby depleting the Plaintiff's ink, toner and paper.

39. Defendant's facsimile advertisements harmed Plaintiff by causing the very harm that Congress sought to prevent – occupying Plaintiff's facsimile machine and facsimile machine line, which is akin to trespass of chattel.

40. Defendant's facsimile advertisements harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's facsimile machine line.

41. Defendant's facsimile advertisements harmed Plaintiff by converting Plaintiff's paper and ink for Defendant's advertising purposes.

42. Defendant was unjustly enriched by shifting its advertising costs to Plaintiff, which converted Plaintiff's paper and ink for Defendant's advertising purposes.

43. The fax advertisements attached hereto as **Exhibit A** was wholly unsolicited in that it was sent to the Plaintiff by Defendant without Plaintiff's express invitation or permission. Plaintiff does not currently do business with Defendant, and has never done business with the Defendant.

44. The unsolicited fax advertisement did not otherwise contain any information personalized toward the Plaintiff.

45. On information and belief and based on the fact that plaintiff's facsimile is a generic advertisement, defendant disseminated substantially the same fax advertisement not only to plaintiff but also to many other individuals and entities who did not solicit the fax or have a prior relationship with defendant.

46. In order to stop the unending harassment by telemarketers, Congress enacted the TCPA. Section 227(b)(1)(c) of the TCPA makes it unlawful to send an unsolicited advertisement to a telephone facsimile machine.

47. The TCPA provides a private right of action for a violation of §227(b), pursuant to which a person or entity may recover $500 for each violation, and treble that amount if defendant willfully or knowingly violated the provision.

48. The TCPA provides in part:

> (3) Private right of action
>
> > A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
> >
> > > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > >
> > > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both such actions.
> > >
> > > (C) If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

49. Defendant violated the TCPA 47 U.S.C. §227(b)(1)(c) by sending unsolicited advertisements to telephone facsimile machines of plaintiff and the putative class members.

50. Plaintiff and the class members were damaged as a result. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and toner consumed as a result.

51. Unless enjoined from doing so, defendant is likely to commit similar violations in the future as evidenced by the indiscriminate nature of the fax.

52. At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

53. The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(1)(C).

54. Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 227(b)(3)(C).

55. Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C).

**COUNT II – CONVERSION**

56. Plaintiff incorporates ¶¶ 1-55, as if fuly restated above.

57. By sending unsolicited fax advertisements to plaintiff and the class members, defendant converted to its own use toner and paper belonging to plaintiff and the class members.

58. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and toner used to print the faxes.

59. By sending the unsolicited faxes, defendant appropriated to its own use the paper and toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

60. Defendant knew that its appropriation of the paper and toner was wrongful and without authorization.

61. Plaintiff and the class members were deprived of the paper and toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

62. Unless enjoined from doing so, defendant is likely to commit similar violations in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class respectfully pray for the relief:

A. On the First Count and Second Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests the greater of actual damages or five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

B. On the First Count and Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests the greater of actual damages or treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and;

C. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D); and

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

    Respectfully Submitted

    Rosanna Garner, Plaintiff

    /s/William "Billy" Peerce Howard, Esq.
    By her attorney

/s/ William "Billy" Peerce Howard
William "Billy" Peerce Howard, Esquire
Florida Bar No.: 0103330
Amanda J. Allen, Esquire
Florida Bar No.: 0098228
The Consumer Protection Firm
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com

Keith J. Keogh, Esquire
Florida Bar No: 0126335
Craig Shapiro, Esq.
Timothy Sostrin, Esq.
Keogh Law, LTD
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

Attorneys for Plaintiff

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the sending of faxes, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim.

If defendant is aware of any third party such as **EFAX.COM** that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Rosanna Garner, Plaintiff

/s/William "Billy" Peerce Howard, Esq.
By her attorney

## NOTICE OF ATTORNEYS LIEN

**PLEASE TAKE NOTICE** that plaintiff has assigned to her attorneys all rights conferred by statute or rule to recover attorney's fees from Defendant.

/s/William "Billy" Peerce Howard, Esq.
By her attorney